SUTTON, Circuit Judge,
concurring.
I concur in the court’s thoughtful and admirable efforts to resolve this difficult case. But I must acknowledge the far-reaching nature of the court’s holding that Kentucky tort law permits this claim to go to a jury. The pertinent question is whether an “ordinarily prudent company ... would not have put [this product] on the market.” Montgomery Elevator Co. v. McCullough, 676 S.W.2d 776, 780 (Ky. 1984). That standard takes account of many factors, but it necessarily emphasizes what ordinary manufacturers have always done. And in this case, the record establishes that the SFH111 was no different from the heaters with bimetal thermostats that numerous manufacturers have used “hundreds of millions” of times over 50 years without a single comparable incident. R. 79-7 at 5-6. Yes, an entire industry can be wrong. And yes, the fruits of its collective mistake can occur later. But this of course is not a latent injury case. In the context of such a common design and such an uncommon harm, it is difficult to see how a reasonable jury could retroactively condemn such a uniform practice as being unreasonably dangerous. But that apparently is what Kentucky tort law allows. I therefore concur in the court’s opinion.